**Frank J. PAVONE, Jr., Petitioner,**

v.

**DEPARTMENT OF THE ARMY, Respondent.**

**No. 01–3202.**

United States Court of Appeals, Federal Circuit.

Nov. 8, 2001.

Before CLEVENGER, GAJARSA, and DYK, Circuit Judges.

PER CURIAM.

Frank J. Pavone, Jr., seeks review of the final decision of the Merit Systems Protection Board ("Board") that affirmed the action of the Department of the Army ("agency") separating him from service pursuant to a reduction-in-force ("RIF"). *Pavone v. Dep't of the Army*, No. NY0351950443–I–7, 2001 WL 138518 (Jan. 18, 2001). We *affirm*.

I

Mr. Pavone previously held the position of Moter Vehicle Operator, WG5703–07, with the Department of the Army at its Watervliet Arsenal in New York State. He was separated from that position effective February 2, 1995, pursuant to a RIF. Mr. Pavone does not contest the bona fides of the RIF, nor does he object to his displacement from his old job by Ralph Leonard, an employee with higher reten-

tion rights who exercised his retreat rights to occupy Mr. Pavone's WG5703–07 position. As a part of the RIF, a previous Motor Vehicle Operator WG5703–08 position was restructured as a Motor Vehicle Operator Materials Handler, MVO/MH WG–07 position. Mr. Pavone contends that he should have been awarded the MVO/MH WG–07 position instead of Alfred Fields, who got the job during the RIF. Thus, Mr. Fields and Mr. Pavone were competing for the new position.

Mr. Fields enjoyed Tenure Group IA status (meaning that he was a preference-eligible employee with career status), whereas Mr. Pavone was in Tenure Group B. Mr. Fields was thus entitled to preference over Mr. Pavone, provided that Mr. Fields was qualified for the position. Before the Board and before this court, Mr. Pavone asserts that Mr. Fields lacks the qualifications necessary to occupy the position. If he is correct in that assertion, then it was error to grant preference to Mr. Fields over Mr. Pavone.

Mr. Pavone's challenges to Mr. Fields's qualifications center on Mr. Fields's New York State driver's license. Mr. Pavone asserts that Mr. Fields's license is invalid as illegally procured. Mr. Fields's license did not carry an endorsement for driving buses. However, the job description for the new position did not call for bus driving duties. Mr. Pavone contends that the lack of bus driving duties in the job description was intentional and specifically intended to permit Mr. Fields to gain preference over Mr. Pavone. In sum, Mr. Pavone argues that the job description should be understood to embrace bus driving duties, and that Mr. Fields, lacking a bus driving endorsement on his driver's license, does not qualify for the new position. Finally, Mr. Pavone asserts that Mr. Fields did not possess the necessary skills to perform the forklift tasks of the new job.

## II

Mr. Pavone's arguments were thoroughly considered by the Board. In its final decision, the Board concluded that Mr. Fields was qualified for the new position. The Board found on the facts that Mr. Fields is qualified to perform the duties described for the new position and that he held a valid driver's license. Further, the Board found on the facts that the agency had good reason not to include bus driving as one of the duties for the new position. Finding that both competitors for the new position were qualified and that Mr. Pavone was in a lower tenure group, the Board detected no error in the RIF action of placing Mr. Fields in the position sought by Mr. Pavone. Hence, Mr. Pavone's challenge to the RIF was dismissed.

## III

Mr. Pavone timely petitioned for review in this court. We may not disturb a final decision of the Board unless we determine that it is arbitrary, capricious, an abuse of discretion, otherwise not in accordance with law, or based on fact-findings that are not supported by substantial evidence. 5 U.S.C. § 7703(c) (2000).

We have reviewed the record before the Board and can detect no error that would warrant reversal of the Board's final decision. The challenge raised by Mr. Pavone goes to the facts of the case and centers on the question of whether Mr. Fields is qualified for the new position. On each of the challenges made by Mr. Pavone, substantial evidence was adduced by the Board to support its conclusion. The record amply demonstrates that the agency was within the law in deciding not to require bus driving skills for the new job. Likewise, substantial evidence supports

the finding that Mr. Fields was able to perform forklift operations and that Mr. Fields possessed the requisite driver's license. Consequently, we must conclude that Mr. Pavone's petition for review lacks merit, and accordingly we affirm the final decision of the Board.